# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

FILED: MARCH 26, 2009
09CV1885
JUDGE KENNELLY
MAGISTRATE JUDGE COX
AO

| | |
|---|---|
| SHEREE THOMAS and ANDREA THOMAS, on behalf of herself and as the Parent and Guardian of JACOB YOUNG, a minor | ) ) ) ) |
| Plaintiffs, | ) JUDGE ) |
| v. | ) MAGISTRATE ) |
| CITY OF CHICAGO and CHICAGO POLICE OFFICER, B. ASKEW, Star # 9015 | ) ) ) |
| Defendants. | ) **JURY TRIAL DEMANDED** |

## COMPLAINT

NOW COME Plaintiffs, Sheree Thomas and Andrea Thomas on behalf of herself and as as the Parent and Guardian of Jacob Young, a minor, through their attorneys Smith, Johnson & Antholt, LLC and complaining of Defendants City of Chicago and Chicago Police Officer B. Askew, Star # 9015, stating as follows:

### JURISDICTION AND VENUE

1. This is a civil action seeking damages against defendants for committing acts under color of law, which deprived Plaintiffs of rights secured by the Constitution and Laws of the United States.

2. The jurisdiction of this Court is pursuant to the Civil Rights Act, 42 U.S.C. §1983; the judicial code 28 U.S.C. § 1331 and 1343 (a); the Constitution of the United States; as well as pendent jurisdiction as provided under U.S.C., § 1367(a).

## The Parties

3. Plaintiffs Sheree Thomas, Andrea Thomas, and Jacob Young are residents of Chicago, Cook County, Illinois.

4. Oficer B. Askew was at the time of this occurrence a Chicago Police Officer. He engaged in the conduct complained of while on duty in the course and scope of his employment and under color of law. He is sued in his individual capacity.

5. Defendant City of Chicago ("City") is a municipal corporation duly incorporated under the laws of the State of Illinois, which operates the Chicago Police Department.

## Background

6. On August 7, 2008, Andrea Thomas was at her home in Chicago when Defendant Askew came to her door.

7. Andrea Thomas opened the door and began to talk with Officer Askew.

8. Without any lawful justification, Defendant Askew grabbed Ms. Thomas' arm and twisted it behind her back.

9. Defendant Askew forcefully took Ms. Thomas to the ground and handcuffed her.

10. Officer Askew then picked Ms. Thomas up by the handcuffs and began dragging her down the steps and out of her home.

11. Sheree Thomas, Andrea Thomas' mother, pleaded with Officer Askew to stop his unnecessary misconduct.

12. Sheree Thomas was carrying her grandson, Andrea Thomas' son Jacob Young, in her arms.

13. In response to her pleas, Defendant Askew shoved Sheree Thomas to the ground knocking baby Jacob out of her arms and into the wall.

14. Defendant Askew then continued to drag Andrea Thomas down the stairs.

15. The unlawful actions of Defendant Askew caused Plaintiffs to suffer serious physical and emotional injuries.

### Count I: 42 U.S.C. Section 1983
### Fourth Amendment — Excessive Force

16. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

17. The actions of Defendant Askew, detailed above, constitute unreasonable, unjustifiable, and excessive force against Plaintiffs, thus violating Plaintiffs' rights under the Fourth Amendment to the United States Constitution.

18. At all times relevant to the above allegations, Defendant Askew was acting under color of law and within the scope of his employment.

19. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiffs' constitutional rights.

20. As a proximate result of the above-detailed actions of the Defendant, Plaintiffs were injured.

### Count II – State Law Claim
### Battery

21. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

22. As described in the preceding paragraphs the actions of Defendant Officer Askew constituted offensive physical contact made without the consent of Andrea Thomas, Jacob Young, and Sheree Thomas.

23. Defendant Officer Askew's actions was undertaken intentionally, willfully and wantonly or were willfully, wantonly, and with reckless indifference or conscious disregard for the safety of others.

24. By the actions detailed above, Defendant Officer Askew intentionally made offensive bodily contact against Andrea Thomas, Jacob Young and Sheree Thomas and inflicted bodily harm to them.

25. As a direct and proximate result of the battery, Andrea Thomas, Jacob Young, and Sheree Thomas were injured.

### Count III – State Law Claim
### 745 ILCS 10/9-102

26. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

27. Defendant City of Chicago is the employer of Defendant Askew.

28. Defendant Askew committed the acts alleged above under color of law and in the scope of his employment as an employee of the City of Chicago.

WHEREFORE, Plaintiffs demand judgment against the Defendants, jointly and severally, for compensatory damages and, because the Defendant B. Askew acted maliciously, wantonly, or oppressively, Plaintiffs seek punitive damages against Defendant Askew in his individual capacity, plus the costs of this action and attorney's fees, and for such other and additional relief as this court deems equitable and just.

### JURY DEMAND

Plaintiffs hereby demand a trial by jury on all issues so triable.

        Respectfully submitted,


        <u>/s/ Christopher R. Smith</u>
        Attorney for Plaintiff

Christopher Smith
Robert Johnson
James Baranyk
Smith, Johnson & Antholt, LLC
112 S. Sangamon Street, 3rd Floor
Chicago, IL 60607
(312) 432-0400