IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SHEREE THOMAS and ANDREA THOMAS, on behalf of her self and as the Parent and Guardian of JACOB YOUNG, a minor | ) ) ) ) | |
| | ) | NO. 09 C 1885 |
| Plaintiffs, | ) ) | |
| | ) | HON. REBECCA PALLMEYER |
| v. | ) | Judge Presiding |
| | ) | |
| CITY OF CHICAGO and CHICAGO POLICE OFFICER, B. ASKEW, Star # 9015 | ) ) ) | MAGISTRATE JUDGE COX |
| | ) | **PAGES 2, 3 & EXHIBITS** |
| Defendants. | ) | **A-E REDACTED** |

**DEFENDANTS' REPLY IN FURTHER SUPPORT OF THEIR
FIRST MOTION *IN LIMINE* TO BAR "OTHER ACT" WITNESSES**

In further support of their First Motion *In Limine* To Bar "Other Act" Witnesses, Defendant Officer Bruce Askew and the City of Chicago (herein "Defendants"), by their attorney, Jonathan Clark Green, Senior Assistant Corporation Counsel, City of Chicago, state the following:

As set forth in Defendants' motion, the Seventh Circuit allows Rule 404(b) evidence of so called "other acts" in limited circumstances and only if the party seeking admission can meet rigid requirements. *See U.S. v. Zapata,* 871 F.2d 616, 620 (7th Cir. 1989) (establishing four-prong test: (1) the proposed evidence must be directed toward establishing a matter in issue other than propensity; (2) the evidence must be similar enough and close enough in time to be relevant to the matter in issue; (3) the evidence must be sufficient to support a jury finding that the defendant actually committed the similar act; and (4) the probative value of the evidence must not be substantially outweighed by the danger of unfair prejudice); *See Jones v. Hamelman,* 869 F.2d 1023, 1027 (7th Cir. 1989) (burden on party submitting evidence).

1

**[Pursuant to the Protective Order entered in this matter, Page 2 of this Reply, along with Exhibits A-D referenced therein, are being filed as a Restricted Documents, with confidential copies being forward to Judge Pallmeyer's Chambers within an unredacted version of this Reply.]**

**[Pursuant to the Protective Order entered in this matter, Page 3 of this Reply, along with Exhibit E referenced therein, is being filed as a Restricted Document, with a confidential copy being forward to Judge Pallmeyer's Chambers within an unredacted version of this Reply.]**

witnesses are relevant as a whole for a matter other than propensity.  State of mind is not at issue.  Officer Askew has admitted contact with the grandmother in order to prevent her from interfering with the arrest, and to protect himself and others, when, despite repeated warnings and brush offs, she lunged at him on his gun side.  This leaves no question as to the state of mind of Officer Askew in the course of his duties.  Also, based on the testimony of Officer Askew, as well as the Plaintiffs' own deposition testimony, the identity of Officer Askew is also not in doubt.  Therefore, the previous use of force allegations cannot be the predicate for admission. *See U.S. v. Beasley,* 809 F.2d 1273, 1277 (7th Cir. 1987) (pattern evidence itself is inadmissible but may be admissible to show identity).  The only matter at issue remaining is propensity, which is not permissible. *Zapata,* 871 F.2d at 620; *Okai v. Veruth,* 275 F.3d 606, 611 (7th Cir. 2001) (affirming exclusion of prison guard suspensions not relevant to matter in issue). Accordingly, the Court should not permit Plaintiffs to thwart Rule 404(b)'s prohibition against propensity evidence under the guise of modus operandi.

      The cases cited by Plaintiffs where Rule 404(b) evidence was allowed simply do not demonstrate that "other act" witnesses are allowable in this case.  In *Wilson,* the Seventh Circuit found that similar acts of electroshock torture that occurred within nine (9) days of plaintiffs electroshock torture by the direction of the now infamous Jon Burge was admissible Rule 404(b) evidence where it was relevant to show ALL of the following purposes: intent, opportunity, preparation, and plan.  *Wilson v. City of Chicago,* 6 F.3d 1233, 1238 (7th Cir. 1993).  None of those reasons are applicable to this case.  Moreover, the Seventh Circuit cautioned district courts not to misinterpret *Wilson* by reading it too broadly. *Okai*, 275 F.3d at 611.

Similarly, the wire fraud and drug conspiracy cases raised by Plaintiffs do not support admissibility. *See U.S. v. York,* 933 F.2d 1343, 1349-50 (7th Cir. 1991) (allowing a mail fraud defendant's prior collection on his wife's insurance policy after her murder in order to show his *specific intent* and plan to defraud insurance company in connection with business partner's death and insurance policy premium); *U.S. v. Brown,* 34 F.3d 569, 573 (7th cir. 1994) (prior drug sales properly admitted against defendant to prove *specific intent* in a drug conspiracy case); *U.S. v. Macedo,* 406 F.3d 778, 793 (7th Cir. 2005) (same); *U.S. v. Hudson*, 884 F.2d 1016, 1021 (7th Circuit 1989)(involving *specific intent* to commit larceny). In sharp contrast with these specific-intent-crime cases, state of mind is not at issue here.

In addition, Plaintiffs' reference to the old 5th Circuit's *Carson* case is misplaced. The Court in that case actually agreed that prisoner complaints (like the CR's in this case) against the two involved officers properly were not allowed in by the District Court during a first trial for 404(b) purposes. *Carson v. Polley*, 689 F.2d 562, 570-573 (5th Cir. 1982). It was the specific internal performance evaluation reports of the two officers involved that the Court agreed should have been let in during a second trial, not mere alleged complaints of third parties. *Carson, id.* Furthermore, Plaintiffs' citation to Magistrate Valdez's isolated ruling in the *Petrovic* case is also misplaced. *Petrovic*, 2008 WL 818309. In that case, the Magistrate Judge allowed in only one "sustained" CR as 404(b) evidence where no unfair prejudice was apparent, and no issues of improper and untimely disclosure were involved, unlike the case at bar. *Id.*

Finally, Plaintiffs claim that the mere fact that the names of these 404(b) witnesses, who were in no way witnesses to the underlying incident, were either mentioned at Plaintiff's deposition on November 18, 2009, or appeared in CR files produced by Defendants to

5

Plaintiffs, <u>pursuant to an agreement of the parties</u>, on January 21, 2010, is enough for them to now seek to identify them as 404(b) witnesses on the eve of trial in a purported faxed Supplemental 26(a)(1) Disclosure on March 24, 2010. Not only were these attempted disclosures never properly served,[1] they came nearly three months after the close of discovery, and without any further identifying information.

As noted previously, the extremely untimely and still inadequate "other act" witness disclosure in this matter was neither justified nor harmless and mandates the exclusion of these witnesses. Even with the trial date looming, Plaintiffs failed to disclose these 404(b) witnesses for over two months (eight and one-half weeks) after they received the CR materials, and at no time between the production agreement relating to the CRs of December 9, 2009, or the purported disclosure date of March 24, 2010, did Plaintiffs ever motion the court for additional time to disclose 404(b) witnesses or otherwise give notice to Defendants of their intentions of calling any 404(b) witnesses. Furthermore, as also previously noted, since only stale contact information may or may not be discerned from the old CR files and dated litigation, this shifts the burden and expense on Defendants to try to locate and serve these witnesses, as well as to try to identify, locate and disclose any relevant rebuttal witnesses, with now only six weeks to trial, and the discovery cut-off date having expired. Not only are Plaintiffs' attempted disclosures untimely under the Federal Rules, but wholly inadequate and highly prejudicial under the circumstances. Fed. R. Civ. P. 37; *see also Selgado v. Gen. Motors Corp.,* 150 F.3d 735, 742 (7th Cir. 1998), and *Westefer v. Snyder,* 422 F.3d 570, 584 n.21 (7th Cir. 2005).

---

[1] It should be noted that, as of the filing of this Reply brief, Defendants have yet to receive proper service, via mail (as previously certified by Plaintiffs' counsel themselves) or personal delivery, of the March 24, 2010, Supplemental Disclosures.

**CONCLUSION**

The seven "other act" witnesses Plaintiff seeks to introduce at trial should be excluded as a discovery sanction under Fed.R.Civ.P 37(c)(l) because they were untimely and inadequately disclosed, as well as the disclosure improperly served. Additionally, these witnesses should be barred from testifying because they do not meet the prerequisites to admissibility under Fed.R.Evid. 404(b). In the event that this Honorable Court allows some or all of the other act witnesses to testify, Defendants should be granted leave to take their depositions, for fact discovery closed in this matter on December 30, 2009.

Respectfully submitted,

CITY OF CHICAGO and
BRUCE ASKEW

By one of their attorneys,

  /s/ Jonathan Clark Green_____
Jonathan Clark Green
Senior Corporation Counsel
30 North LaSalle Street, Suite 900
Chicago, Illinois 60602
(312) 744-0226
Atty. No. 06193934