IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SHEREE THOMAS and ANDREA THOMAS, on behalf of herself and as the Parent and Guardian of JACOB YOUNG, a minor | ) ) ) ) | |
| Plaintiffs, | ) ) | 09 C 1885 |
| v. | ) ) | Judge Pallmeyer |
| CITY OF CHICAGO and CHICAGO POLICE OFFICER, B. ASKEW, Star # 9015 | ) ) ) ) | |
| Defendants. | ) | |

**PLAINTIFFS' SECOND MOTION *IN LIMINE* TO BAR REFERENCE TO OTHER INCIDENTS CONCERNING PLAINTIFF ANDREA THOMAS'S BOYFRIEND**

Now come Plaintiffs, by their attorneys, Smith, Johnson & Antholt, LLC, moving *in limine* to bar any reference to any other incidents concerning Andrea Thomas's boyfriend, William Murray. In support, Plaintiffs state as follows:

**Introduction**

Andrea Thomas's boyfriend, William Murray, only came to the scene of the incident as Officer Askew was about to drive Andrea (who had already been arrested) to the police station. He did not see Askew arrest Andrea, and he did not see Askew push Sheree and baby Jacob into the wall. Indeed, there is a low likelihood that Plaintiffs will even call him at trial. There is no reason that the extremely brief testimony he may be called to give should be complicated by testimony regarding other, irrelevant, unfairly prejudicial incidents—including William's prior arrests and other incidents involving himself and Andrea's upstairs neighbors at 6121 S. Green St. (the residence of the incident). Such evidence is inadmissible under Rules 402, 403, 404 and 609 and must be barred.

**Argument**

Through discovery, the parties have learned that William Murray has been arrested before, including for an incident between himself and Andrea Thomas's upstairs neighbors at 6121 S. Green St. (the residence where the events precipitating this lawsuit took place) in May of 2009.[1] This evidence is in no way relevant to Plaintiffs' claims, which are solely for excessive force and battery. Because it is not relevant, it should be barred. *See* Fed. R. Evid. 402, "Evidence which is not relevant is not admissible."

Additionally, this evidence presents a serious danger in that some jurors may rely on it to take an unfairly jaundiced view of Plaintiffs and close their minds to the merits of their claims. *Gora v. Costa*, 971 F.2d 1325, 1331 (7th Cir. 1992) ("courts should be careful to ensure that a civil rights plaintiff's criminal past is not used to unfairly prejudice him"). It is for this very reason that FRE 404 and 609(a)(1) and 609(b) all restrict the admissibility of prior bad act and conviction evidence.

Moreover, testimony regarding past events between Murray and the neighbors will only prejudice Plaintiffs and confuse the issues in this case. Nearly all of the testimony Defendants will likely seek to elicit from Mr. Murray deals with one, irrelevant, highly prejudicial issue—whether Murray poured water on one of the neighbors. This kind of evidence will not only unfairly taint the jury's view of all Plaintiffs, but it will also confuse the issues to be tried. This is not a trial about whether Plaintiffs and their friends got along with the neighbors; this is a trial about what Defendant Askew did when he stepped into Thomas's apartment the morning of August 7, 2008.

---

[1] According to allegations made about this incident, one of the upstairs neighbors poured water on William Murray's and Andrea Thomas's food as it was grilling on their back porch. William then allegedly filled a garbage can with water and poured it on one of the neighbor's heads. According to the neighbors, the garbage can had a caustic material in it and the water injured the girl on whom it was poured. William was charged with aggravated battery, but the charges were later dropped and no conviction resulted.

Plaintiffs' case is straightforward and requires a short, uncomplicated trial. To allow this irrelevant testimony would prejudice Plaintiffs, confuse the jury, and waste a significant amount of time.

WHEREFORE Plaintiff respectfully requests that this Honorable Court bar any reference to any other incidents involving William Murray, including his arrests and any interactions with Andrea's upstairs neighbors, at trial in this matter.

RESPECTFULLY SUBMITTED,

/s/ Jennifer Hartung Marsch
One of Plaintiff's Attorneys

Christopher R. Smith
Amanda Antholt
Jennifer Hartung Marsch
Smith, Johnson & Antholt, LLC
112 S. Sangamon St., 3rd Floor
Chicago, IL 60607
312.432.0400

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on May 12, 2010, the foregoing Motion in Limine was served electronically to counsel for all parties.

/s/ Jennifer Hartung Marsch
One of Plaintiff's Attorneys