IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SHEREE THOMAS and ANDREA THOMAS, ) | | |
| on behalf of herself and as the Parent and ) | | |
| Guardian of JACOB YOUNG, a minor ) | | |
| ) | | |
| Plaintiffs, ) | 09 C 1885 | |
| ) | | |
| v. ) | Judge Pallmeyer | |
| ) | | |
| CITY OF CHICAGO and CHICAGO POLICE ) | | |
| OFFICER, B. ASKEW, Star # 9015 ) | | |
| ) | | |
| Defendants. ) | | |

**PLAINTIFFS' THIRD MOTION *IN LIMINE* TO BAR REFERENCE TO EVIDENCE OF MARIJUANA USE**

Now come Plaintiffs, by their attorneys, Smith, Johnson & Antholt, LLC, moving *in limine* to bar testimony that Andrea Thomas and/or her boyfriend, William Murray, have used marijuana. In support thereof, Plaintiffs state as follows:

**Introduction**

None of the events at issue in this case have anything to do with drugs. There has been absolutely no evidence whatsoever that any party or any witnesses was using any drug of any kind during the events at issue. In discovery, however, certain Defense witnesses—namely, Andrea Thomas's upstairs neighbors at 6121 S. Green St.—have testified that Andrea Thomas and her boyfriend, William Murray, have on occasion used marijuana. Any reference to Thomas's or Murray's marijuana use would be unfairly prejudicial, lead to unnecessary delays in the trial (as Thomas and Murray would then have to explain their use in 2008—extremely rare) and should be barred pursuant to Federal Rules of Evidence, 402, 403 and 404(b).

**Argument**

The events at issue in this case have nothing to do with Thomas's or Murray's past marijuana use. The issue in this case is the objective reasonableness of the Defendant Askew's conduct on August 7, 2008. *See Lester v. City of Chicago,* 830 F.2d 706, 711 (7th Cir. 1987); *Palmquist v. Selvik*, 111 F.3d 1332, 1341 (7th Cir. 1997). "The reasonableness of an officer's actions in the course of an arrest is judged by an objective standard, based on the facts and circumstances known to the officer at the time of the arrest [and prosecution]. Evidence discovered after the fact is not relevant to the objective reasonableness of the officer's actions." *Munley v. Carlson*, 125 F. Supp. 2d 1117, 1119 -1120 (N.D. Ill. 2000).

Any mention that either Thomas or her boyfriend used pot at any point would be enormously and unfairly prejudicial. *See, e.g., United States v. Mojica*, 185 F.3d 780, 788-789 (7th Cir. 1999) ( "there is considerable danger that evidence that a witness has used illegal drugs may so prejudice the jury that it will excessively discount the witness' testimony"); *Kunz v. DeFelice*, 538 F.3d 667, 677 (7th Cir. 2008) (same). Reference to marijuana use would distract the jury from the true question before it – whether Defendant Askew violated Plaintiffs' Fourth Amendment rights. It presents a serious risk that the jury would improperly disregard the wrong done to them for no other reason than that Andrea (and her long-time boyfriend) had used pot in the past. Under the Federal Rule of Evidence 403, that is far too great a danger and cannot be allowed.

Moreover, there discovery has adduced absolutely no evidence that either Thomas or Murray used pot the day of (or even the week of) the incident or that their past use any way impaired their ability to perceive the events surrounding Defendant's violent conduct. As a result, any suggestion of the drug use would be irrelevant, misleading and confusing as well as

unfairly prejudicial. The Seventh Circuit has made clear time and again that illegal drug use is highly prejudicial and may not be used to impeach character: "This is precisely the type of character attack that [our cases] forbid." *United States v. Neely*, 980 F.2d 1074 (7th Cir. 1992) quoting *United States v. Robinson*, 956 F.2d 1388, 1398 (7th Cir. 1992). Seventh Circuit cases have explained that "evidence that a witness has used illegal drugs may so prejudice the jury that it will excessively discount the witness's testimony." *Neely*, 980 F.2d at 1081 citing *Robinson*, 956 F.2d at 1397 (quoting *United States v. Cameron*, 814 F.2d 403, 405 (7th Cir.1987)). Cross-examination regarding illegal drug use must be barred where it is employed in order to "suggest to the jury that people who have used drugs are more likely to tell lies." *Id.*

This kind of highly prejudicial evidence may only be admissible where there is a showing that it impacted the witness's ability or recollect or relate the incident at issue. *Id; see also Kunz*, 538 F.3d at 677. Even in those circumstances, the court must be careful to ensure that such highly prejudicial evidence is only used where a foundation exists to demonstrate that the drug use legitimately had an impact on the witness's ability to recollect. The Seventh Circuit has explained:

> Evidence that a witness has used illegal drugs may be probative of the witness' possible inability to recollect and relate . . . . This evidence may be admitted where the memory or mental capacity of a witness is legitimately at issue. . . . At the same time, however, there is considerable danger that evidence that a witness has used illegal drugs may so prejudice the jury that it will excessively discount the witness' testimony. . . . A court must, therefore, be chary in admitting such evidence when it is offered for the sole purpose of making a general character attack.

*Kunz*, 538 F.3d at 677 (quoting *United States v. Cameron*, 814 F.2d 403, 405 (7th Cir. 1987)). *See also United States v. Gallardo,* 497 F.3d 727, 733 (7th Cir. 2007).

Evidence of Thomas's and/or Murray's past marijuana use has no bearing on either the issues in this case or any witness's ability to perceive or remember the events. Thus, its only purpose would be to improperly impugn Plaintiffs' character. *See Henderson v. DeTella*, 97 F.3d 942, 949 (7th Cir. 1996) ("Absent a connection to Chave's cognitive abilities, Jones' testimony [about her drug use] would have served only to impeach her character, a purpose we have repeatedly deemed improper.").

WHEREFORE Plaintiffs respectfully request that this Honorable Court bar any and all testimony that Andrea Thomas and/or her boyfriend, William Murray, have used marijuana.

RESPECTFULLY SUBMITTED,

/s/ Jennifer Hartung Marsch
One of Plaintiffs' Attorneys

Christopher R. Smith
Amanda Antholt
Jennifer Hartung Marsch
Smith, Johnson & Antholt, LLC
112 S. Sangamon St., 3rd Floor
Chicago, IL  60607
312.432.0400

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on May 12, 2010, the foregoing Motion in Limine was served electronically to counsel for all parties.

/s/ Jennifer Hartung Marsch
One of Plaintiffs' Attorneys