# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

SHEREE THOMAS and ANDREA THOMAS, *on behalf of herself and as the Parent and Guardian of* JACOB YOUNG, *a minor*, )
)
)
)
)
       Plaintiffs, )
)
       v. )    No. 09 C 1885
)
BRUCE ASKEW, )
)
       Defendant. )

## MEMORANDUM OPINION AND ORDER

The court has considered the briefs filed by the parties on plaintiffs' motions for a new trial. We will deal first with the plaintiffs' complaints concerning the rejection of evidence.

The rejection of Andrea Thomas's profferred testimony that she had not made the threat that the neighbor accused her of making was appropriate under Federal Evidence Rule 403 because the testimony was irrelevant and would likely have led to jury confusion. We explained our reasoning at the time we ruled on the proffer.

Similarly, the rejection of the profferred Rule 404(b) evidence of defendant's prior acts was appropriate. The only relevance of the evidence would have been to prove propensity, something specifically disallowed by the Rule.

Accordingly, the new trial motions of the plaintiffs Sheree Thomas and Jacob Young, who complain only of the rejection of the above evidence, are denied.

As to the plaintiff Andrea Thomas, the result is different because of what we find to be an inconsistent verdict. The burden-of-proof instruction we gave on excessive force (Court's Instruction No. 10) told the jury that in order to recover, the plaintiff had the burden of proving that (a) excessive force was used against her, (b) that she was injured, and (c) that the excessive force was a proximate cause of the injury. We believe this had to result in a verdict of at least some damages. The jury either misunderstood the instruction or decided to ignore it. Their verdict of "$0" damages cannot stand. Contrary to the defendants' argument, the jury did not find Andrea Thomas's injuries to have been caused exclusively by force that could have been found reasonable.

Andrea Thomas argues that her new trial should be on damages only. This would not do. The jury misapplied the critical instruction for reasons that are not apparent, and a new trial on both liability and damages is the appropriate remedy. Moreover, in order for the next jury to determine what the damages are, it would have to listen to all of the evidence regarding the interaction between Andrea Thomas and the defendant.

## **CONCLUSION**

The motions of the plaintiffs Sheree Thomas and Jacob Young for a new trial are denied. The motion of plaintiff Andrea Thomas for a new trial is granted on both liability and damages.

DATED: September 2, 2010

ENTER: _____
John F. Grady, United States District Judge